UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSER ARMANDO ESCOBAR GONZALES, (A#240-398-083),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-02493-DC-SCR<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner is a native and citizen of Honduras who came to the United States in 2017 without being inspected by immigration officials.  ECF No. 1 at 2.  He has continuously resided in the interior of the country since then.  ECF No. 1 at 2.  On February 25, 2026, he was detained by immigration officials following a vehicle stop conducted by the Florida Highway Patrol.  ECF No. 6-1 at 4.  Petitioner was subsequently served with a Notice to Appear charging him with inadmissibility as a noncitizen who is present without being admitted or paroled and as present without valid entry documents.  See 8 U.S.C. §§ 1226(a)(6)(A)(i), 1226(a)(7)(A)(i)(I).  He has no pending immigration court date and is not subject to a final order of removal.

In his § 2241 application, Petitioner asserts that his ongoing detention violates the Fifth

1

Amendment Due Process Clause, 8 U.S.C. § 1226(a), as well as the immigration bond regulations.  ECF No. 1.  Respondents' answer contends that petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b).  ECF No. 6.

Considering all of these factors, and consistent with the court's rulings in Barajas Ortiz v. Chestnut, et al., No. 1:26-cv-1167 DC SCR (HC), 2026 WL 508419, at *4 (E.D. Cal. Feb. 24, 2026) and Maciel v. Noem, No. 1:26-cv-1318 DC CKD (HC), 2026 WL 496948, at *4 (E.D. Cal. Feb. 23, 2026), the court finds that petitioner is entitled to relief on claim one of his § 2241 application based on a violation of the Immigration and Nationality Act.

Accordingly, IT IS HEREBY ORDERED that:

1.  Counsel's application for pro hac vice status (ECF No. 4) is approved.

2.  Counsel Alexander Martinez is directed to request filing access through PACER.

IT IS FURTHER RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus be granted on count one based on a violation of the Immigration and Nationality Act.[1]

2.  Respondents be ordered to immediately release Petitioner from their custody and to return any documents and possession in their custody to Petitioner.

3.  Should Respondents attempt to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety

4.  The Clerk is directed to serve the **California City Corrections Center**  with a copy of this Order.

5.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after

---

[1]  In the interests of judicial economy, the remaining two claims in the § 2241 petition are not addressed herein.

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3